NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-3531

THE STATE OF OHIO, APPELLEE, *v.* TOLES, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Toles*, Slip Opinion No. 2021-Ohio-3531.]**

*Court of appeals' judgment affirmed on the authority of* State v. Jones.

(No. 2020-1242—Submitted September 22, 2021—Decided October 4, 2021.)

APPEAL from the Court of Appeals for Madison County,

No. CA2019-07-018, 2020-Ohio-4267.

_____

{¶ 1} The judgment of the court of appeals is affirmed on the authority of *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649.

O'CONNOR, C.J., and KENNEDY, FISCHER, and DEWINE, JJ., concur.

BRUNNER, J., concurs, with an opinion.

DONNELLY, J., dissents, with an opinion.

STEWART, J., dissents.

_____

**BRUNNER, J., concurring.**

## I.  INTRODUCTION

{¶ 2} This court summarily concludes that the judgment of the Twelfth District Court of Appeals must be affirmed on the authority of our decision in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649.  I agree with that conclusion, but I write separately to discuss how and why *Jones* controls.

## II.  FACTS AND PROCEDURAL HISTORY

{¶ 3} In September 2018, the Madison County Grand Jury indicted appellant, Marcus Toles, on eight counts of drug trafficking and one count of drug possession.  The substance involved in each count was cocaine.  Following a trial on March 5 and 6, 2019, Toles was found guilty on all counts.  The trial court proceeded immediately to sentencing.

{¶ 4} The trial court began the sentencing hearing by detailing Toles's extensive criminal history, which consisted of a myriad of low-level offenses, including one low-level felony offense.  Counsel for both sides addressed the court; then the court engaged in a lengthy colloquy with Toles (with whom the trial judge was apparently well-acquainted from other cases) about his personal circumstances and his drug-dealing history.  The judge stated:

> Making the findings that I'm required to make, I do find that the offense is more serious because, with respect to Counts I through VIII, you did commit the offense as part of an organized criminal activity.
>
> Recidivism factors, at this point, indicate a high risk of recidivism.  You have a prior history of adult criminal convictions.  While you do not have any prior juvenile adjudications, your prior adult history dates back to 2014.  You do have a prior felony conviction for attempted carrying a concealed weapon.  You have

not responded favorably to the sanctions that have been imposed. You've had multiple probation violations on different cases that have occurred out of different courts. And you've not – – at least two of those resulted in unsuccessful terminations of probations.

Previously, the examiner found that you had no history of substance abuse, although [your attorney] suggests that that's a contributing factor in this case. Indeed, it seemed there was some discussion about exchanging cocaine for weed. I can't say that that means you're using it, but there's at least some indication that there may be a substance abuse issue that forms the part of the background in this case.

Up until the verdict, you had not admitted culpability for your conduct. I do find – – make the finding, based on your statements here prior to sentencing, that you do admit to culpability for your conduct. There are no factors which mitigate your conduct.

With respect to Counts I, III, IV, VI, VII, VIII, and IX, these are all Division B offenses with presumptions in favor of community control.

With respect to Counts II and V, those are Division C offenses, as both of those offenses occurred within the vicinity of a juvenile.

I do make the finding that any presumptions in favor of community control have been rebutted by virtue of the fact that you do have a prior felony conviction, you were on probation at the time that each of the nine offenses were committed. And I additionally find that you violated the terms of your bond on this case. Each one of those gives the Court discretion as to whether or not to impose a penitentiary sentence or community control sanctions.

Because there are multiple prison terms being imposed, I must consider whether or not it's appropriate to impose consecutive sentences. I do find that consecutive sentences are necessary to protect the public from future crime and to punish the offender. And that consecutive sentences are not disproportionate to the seriousness of the offender's conduct, and to the danger the offender poses to the public. I additionally do find that at least two of the multiple offenses were committed as part of one or more courses of conduct, and that the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 5} The trial court sentenced Toles to a prison term of 18 months on each of the two trafficking counts that the jury found took place in the presence of a juvenile, to be served consecutively. The court sentenced Toles to 12 months in prison on each of the remaining counts, with two of those terms ordered to be served consecutively to each other and consecutively to the 18-month sentences. The remaining 12-month sentences were ordered to be served concurrently with each other and with the other sentences, for a total term of imprisonment of five years.

{¶ 6} On appeal to the Twelfth District, among other assignments of error, Toles alleged, "THE TRIAL COURT ERRED WHEN IT SENTENCED MARCUS TOLES TO A TERM OF IMPRISONMENT BECAUSE THAT SENTENCE IS NOT SUPPORTED BY THE RECORD IN THIS CASE." (Capitalization sic). 2020-Ohio-4267, ¶ 35. The Twelfth District overruled this assignment of error, *id.* at ¶ 36, finding that R.C. 2953.08(G)(2) only authorizes review of the trial court's findings regarding "division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section

4

2929.20 of the Revised Code," 2020-Ohio-4267, at ¶ 37.  The court of appeals determined that it could consider whether Toles's sentence was contrary to law under R.C. 2953.08(G)(2)(b), 2020-Ohio-4267, at ¶ 40, but that it could not consider whether the record supported the findings made by the trial court and the sentence imposed under R.C. 2929.11 and 2929.12, 2020-Ohio-4267, at ¶ 39.

### III.  ANALYSIS

{¶ 7} The Ohio Revised Code prescribes the following for an appellate court's review of a trial court's sentence under particular statutory grounds:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, *including the findings underlying the sentence or modification* given by the sentencing court.

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard for review is not whether the sentencing court abused its discretion.  The appellate court may take any action authorized by this division if it *clearly and convincingly* finds either of the following:

> (a)  That the *record does not support the sentencing court's findings* under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b)  That the *sentence is otherwise contrary to law*.

(Emphasis added.) R.C. 2953.08(G)(2). In addition, R.C. 2953.08(F) requires appellate courts to review the entire trial-court record, including oral and written statements and presentence reports.

{¶ 8} In *Jones*, we noted that with respect to the purposes of felony sentencing and the seriousness and recidivism factors set forth in R.C. 2929.11 and 2929.12, "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). And we held in *Jones* that "R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Jones* at ¶ 39. It would behoove us to explain *how Jones* applies to Toles's proposition of law in this case.

{¶ 9} In *Jones*, the Eighth District Court of Appeals, sitting en banc, vacated ten-year prison sentences that were imposed for the parents of an autistic child who died from abuse or, as argued by the parents, as a result of self-harm compounded by a lack of cooperation and nonreporting of injuries by the child. *Id.* at ¶ 2-7, 12-15. The Eighth District found that the sentences "did not advance the overriding purposes of felony sentencing as stated in R.C. 2929.11." *Jones* at ¶ 15. This Court reversed, finding that although R.C. 2953.08 once authorized appellate courts to vacate or modify a sentence based on the fact that "*the record does not support the sentence*," or that the sentence was "*otherwise contrary to law*," the provision permitting a general record-does-not-support-the-sentence review was removed by later amendment. (Emphasis added in *Jones*.) *Jones* at ¶ 35-37, citing former R.C. 2953.08(G), Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7564-7565, and former R.C. 2953.08(G)(2), Sub.H.B. No. 331, 148 Ohio Laws, Part [II], 3414, 3419. We noted that the term "otherwise contrary to law" as used in R.C. 2953.08

when it was first enacted in 1995 did not mean the same thing as "the record does not support the sentence," and that the current version of R.C. 2953.08 does not expand the definition of that term. *Jones* at ¶ 38. Consequently, we reasoned that R.C. 2953.08 only allows a record-does-not-support-the-sentence review with respect to certain enumerated statutes, not including R.C. 2929.11 or 2929.12. *Jones* at ¶ 38-39.

{¶ 10} As a result, we stated that "R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Jones* at ¶ 39. In other words, in *Jones* we simply observed that R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by a trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12. *See also State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, ¶ 15-22 (R.C. 2953.08 is not the only basis for appealing a sentence and it does not preclude an appeal of a sentence on constitutional grounds); *Jones* at ¶ 48-49 (Fischer, J., concurring) (an appellate court may review the trial court's findings under R.C. 2929.11 and 2929.12 for "certain limited purposes," including whether the sentence was "based on an offender's 'race, ethnic background, gender, or religion' "); R.C. 2953.08(F) (requiring an appellate court to review essentially the entire trial-court record in evaluating the legality of a sentence).

{¶ 11} However, the narrow review that Toles seeks is precisely what is proscribed by *Jones*. Toles requested that the Twelfth District find that "THE TRIAL COURT ERRED WHEN IT SENTENCED [HIM] TO A TERM OF IMPRISONMENT BECAUSE THAT SENTENCE IS NOT SUPPORTED BY THE RECORD IN THIS CASE." (Capitalization sic). 2020-Ohio-4267, at ¶ 35. In his brief to this court, Toles identified the alleged error as the trial court's finding "that his offenses were part of an organized activity and that no factors existed to mitigate his conduct." Unfortunately for Toles, that alleged error reduces to an

argument that the trial court erred by having inaccurately weighed the evidence relating to the factors and considerations addressed in R.C. 2929.11 and 2929.12 and by imposing a sentence that is unsupported by the record. *Jones* squarely prohibits such review. It is for this reason that I concur with the summary disposition of this case on the authority of *Jones*.

## IV. CONCLUSION

{¶ 12} Because Toles's proposition of law amounts to the narrow argument that the trial court did not accurately weigh the evidence in sentencing him according to the factors and considerations addressed in R.C. 2929.11 and 2929.12, I concur in the summary disposition of this case on the authority of *Jones*.

_____

**DONNELLY, J., dissenting.**

{¶ 13} When a motorist makes a wrong turn en route to a desired destination, a sensible response is to pull over, regain one's bearings, perhaps allow a GPS navigator to become reoriented, and then correct course to get back on track. It is not sensible to simply barrel forward stubbornly down the wrong road without regard to where that road may lead. Our recent jurisprudence on the issue of felony-sentence appellate review reminds me of the motorist who makes a wrong turn but is too proud to pause for further consideration. Regrettably, today's summary affirmance of the court of appeals' judgment serves only to continue that narrative. I respectfully dissent.

{¶ 14} A brief review of our recent jurisprudence reveals the stunning reverse evolution—that is approaching extinction—of felony-sentence appellate review in Ohio that culminates in today's decision.

{¶ 15} In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the three-justice plurality opinion directed courts of appeals reviewing felony sentences under R.C. 2953.08(G)(2) to apply a two-step approach. *Id.* at ¶ 4, 26 (O'Connor, J.) The appellate court was first directed to examine the trial court's

compliance with all applicable rules and statutes in imposing the sentence—including R.C. 2929.11 and 2929.12—to determine whether the sentence was clearly and convincingly contrary to law. If that prong was satisfied, the appellate court was directed to review the sentence imposed for abuse of discretion. Three dissenting justices agreed that a felony sentence "may be challenged as 'contrary to law' even if it is within a statutory range," *Kalish* at ¶ 59 (Lanzinger, J., dissenting), but they disagreed that the standard of review was for abuse of discretion, believing instead that appellate-court modification of a sentence under R.C. 2953.08(G)(2) was authorized only after the appeals court found that the sentence was clearly and convincingly contrary to law, *Kalish* at ¶ 66.

{¶ 16} In *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, this court held that an appellate court may vacate or modify a felony sentence on appeal under R.C. 2953.08(G)(2) only if it found by clear and convincing evidence that the record did not support the trial court's findings under the relevant statutes or that the sentence was otherwise contrary to law, thus repudiating use of the abuse-of-discretion standard set out in the *Kalish* plurality opinion.

{¶ 17} In *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, this court reversed the judgment of the court of appeals, which had reduced the defendant's aggregate 65-year sentence for nonviolent theft offenses after finding clearly and convincingly that the aggregate sentence was contrary to law when considered in light of the principles and purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors identified in R.C. 2929.12. The three-justice plurality opinion determined that R.C. 2929.11 and 2929.12 applied only to each individual felony sentence—not to the aggregate sentence—and that R.C. 2953.08(G)(2)(a) strictly limited appellate review of the consecutive sentences to the findings necessary to impose a consecutive sentence. *Gwynne* at ¶ 16-18 (Stewart, J.). A separate two-justice opinion concurring in

judgment only asserted that an appellate court is without authority under R.C. 2953.08(G)(2) to review a trial court's findings under R.C. 2929.11 and 2929.12. *Gwynne* at ¶ 44 (Kennedy, J., concurring).

{¶ 18} Most recently in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, this court held that appellate review of the record was limited only to the trial court's findings under certain provisions specified in R.C. 2953.08(G)(2)(a), *Jones* at ¶ 28, declaring further that "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)," *Jones* at ¶ 32. The *Jones* court accordingly held that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Jones* at ¶ 39. Stated differently, *Jones* established as Ohio law that a nonmaximum criminal sentence that is clearly and convincingly not supported by the record is not contrary to law and is not subject to appellate review under R.C. 2953.08(G)(2). That bears repeating: under our current jurisprudence, a nonmaximum criminal sentence that is clearly and convincingly not supported by the record is not contrary to law.

{¶ 19} In all that time, the operative text of R.C. 2953.08(G)(2) never changed in any material respect. *See Jones* at ¶ 37 ("[A]lthough R.C. 2953.08(G) has been amended several times since 2000, none of those amendments materially changed R.C. 2953.08(G)(2) for the purposes of this case"). Only this court's increasingly constricted reading of that statute can explain the devolution from the unquestioned availability of meaningful appellate review of felony sentences under *Kalish* to the complete evisceration of such appellate review under *Jones*. And in the course of its march to restrict appellate review of felony sentences, this court has mistakenly treated an appellate court's authority to *take any action* authorized by R.C. 2953.08(G)(2) as a prohibition against an appellate court's authority to

*review* a felony sentence. The fact that an assignment of error may not be sustained does not mean that it cannot be raised and considered on appeal.

{¶ 20} I thought *Jones* was "the final nail in the coffin, the death knell for meaningful appellate review" of criminal felony sentencing. *Id*. at ¶ 50 (Donnelly, J., dissenting). It turns out I was wrong, for the majority appears to have set aside a few more nails for today's case. The issue here was whether R.C. 2953.08(G)(2) allows appellate courts to review specific sentencing findings made by the trial court under R.C. 2929.11 and 2929.12 when those findings are allegedly not supported by the record. By summarily affirming the court of appeals' judgment and effectively answering that question in the negative, the majority has foreclosed any possibility for a criminal defendant to obtain appellate review of mistaken, if not malicious, sentencing errors, leaving trial courts wholly free to impose sentences without any constraints whatsoever.

{¶ 21} But perhaps the majority's mounting embrace of appellate abdication should come as no surprise. According to a report profiling the sentencing guidelines of 21 states, Ohio (along with Wisconsin) ranked dead last in providing mandatory-sentencing guidelines or meaningful review of a sentencing court's discretion. *See* Neal B. Kauder & Brian J. Ostrom, *State Sentencing Guidelines: Profiles and Continuum* (July 2008), available at National Center for State Courts, https://ncsc.contentdm.oclc.org/digital/collection/criminal/id/130/ rec/1 (accessed Sept. 27, 2021) [https://perma.cc/V6GV-LA7C]. The result is that judges are vested with boundless and largely unrestrained power to incarcerate criminal defendants with no protective guardrails to hold the exercise of that power in check. Sentences for similar criminal offenses, both violent and nonviolent, are literally all over the board.

{¶ 22} Beyond that, public confidence in the courts is at an all-time low. Criminal defendants are subject to the spin of the roulette wheel of random case assignment. It is the proclivities of the judge who is assigned to the case at the

offender's initial appearance who will decide the offender's sentencing fate. An appellate court's authority to review sentencing decisions is now curtailed to the bare minimum. Every other trial-court decision is subject to appellate review. How is it that perhaps the most consequential phase of a criminal case, the imposition of the sentence—when a person could receive a sentence ranging between probation and the maximum nonlife prison sentence, or ranging between life in prison with parole eligibility and life in prison without the possibility of parole—is not subject to independent, dispassionate review? Our justice system is based on checks and balances. In the absence of any meaningful appellate review, there is no check and there is no balance.

{¶ 23} I believe this court made a fatal wrong turn when it began to construe R.C. 2953.08(G)(2) as proscribing any appellate review of felony-sentencing findings save for those that are expressly identified in that section. *See Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, at ¶ 49-73 (Donnelly, J., dissenting). To justify its result, the court in *Jones* invoked the rule of statutory construction that presumes that statutory amendments were made to change the effect and operation of the law. *See Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 38. But another venerable rule of statutory construction directs courts to construe a statute so as to avoid an unreasonable or absurd result. *See State ex rel. Clay v. Cuyahoga Cty. Med. Examiner's Office*, 152 Ohio 163, 2017-Ohio-8714, 94 N.E.3d 498, ¶ 24. It is difficult to imagine a result that is more unreasonable or absurd than to say that a nonmaximum criminal sentence that is clearly and convincingly not supported by the record is not contrary to law and is not subject to appellate review.

{¶ 24} Although I do not believe the General Assembly intended that its enactments and amendments would evolve from being interpreted by this court as providing for meaningful appellate review of criminal sentences to effectively precluding appellate review of criminal sentences, I urge our legislators to act now

12

to steer the car back on the correct road. This could be done by enacting a complete, data-driven overhaul of our present, antiquated statutory sentencing scheme to include reasonable sentencing guidelines and ranges, which would rein in outlier exercises of judicial discretion. This would prevent similarly situated criminal defendants from receiving vastly different outcomes that are based on the judge to whom their cases are randomly, but not inconsequentially, assigned.

{¶ 25} I am also heartened to know that Ohio is attempting to increase public trust and confidence in the criminal-justice system by creating the Ohio Sentencing Data Platform project, which seeks to develop a felony-sentencing database with the objective of making sentencing information accessible, shareable, and reportable. *See* Ohio Criminal Sentencing Commission, https://www.ohiosentencingdata.info/ (accessed Sept. 27, 2021) [https://perma.cc/7GAJ-R25W]; Court News Ohio, *New Platform Provides Path to Accessible Sentencing Data* (June 25, 2021), available at http://www.courtnewsohio.gov/happening/2021/sentencingDataPlatform_062521. asp#.YVC7EqpYY2w (accessed Sept. 27, 2021) [https://perma.cc/9J5C-J2JW]. The goal of the database is not to eliminate judicial discretion but to provide judges with sound information to use in exercising their discretion. The availability of, and access to, sentencing data should help keep sentences proportionate, eliminate the potential for irrational disparities, promote public confidence, produce a more cost-efficient criminal-justice system, and directly address the crisis of mass incarceration that lengthy and outlier criminal sentences have created.

{¶ 26} But the promising potential for future reforms does not lessen the injustice that today's decision perpetuates. Criminal defendants whose sentences are clearly and convincingly not supported by the record should not be denied an appellate forum just because the sentence imposed was within the statutory range. The wrong turn taken by the majority has led us to a dead end that leaves criminal defendants stranded on the side of the road with no way out. Absent a change of

13

course by this court or a legislative response from the General Assembly, this most consequential stage in the administration of criminal justice will be uniquely beyond independent and dispassionate scrutiny. We owe those most directly impacted by unbridled judicial discretion something better than what our jurisprudence lamentably has taken away. I dissent.

_____

Nicholas A. Adkins, Madison County Prosecuting Attorney, and Rachel M. Price and Michael S. Klamo, Assistant Prosecuting Attorneys, for appellee.

Timothy Young, Ohio Public Defender, and Victoria Bader, Assistant Public Defender, for appellant, Marcus Toles.

_____