[Cite as *State v. Carter*, 2021-Ohio-3770.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                              Court of Appeals No.  L-21-1025

     Appellee                                              Trial Court No.  CR0201801332

v.

Cavelli D. Carter                                         **DECISION AND JUDGMENT**

     Appellant                                              Decided:  October 22, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Adam H. Houser, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This is an appeal from the January 22, 2021 judgment[1] of the Lucas County

Court of Common Pleas which, following appellant, Cavelli Carter's admission to a

---

[1]Appellant also appealed the nunc pro tunc judgment entry, journalized on January 27, 2021, which added language reflecting the brief stay of his sentence.

community control violation, sentenced him to a total of 41 months of imprisonment. Because we find no error, we affirm.

**Procedural History**

{¶ 2} On August 20, 2018, appellant was sentenced on one count of trafficking in cocaine, a third-degree felony, and one count of trafficking in marijuana, a fifth-degree felony. Appellant was sentenced to five years of community control with multiple conditions. Appellant was informed that a violation of community control would "lead to a longer or more restrictive sanction for defendant, including a prison term of 30 months as to count 1 and 11 months as to count 5 to be served consecutively."

{¶ 3} On February 19, 2020, after admitting to a community control violation, appellant's community control was ordered continued with the additional condition that he be committed to CTF for six months and comply with aftercare guidelines. Appellant was again found to be in violation of community control and on July 24, 2020, he was continued on community control with added conditions.

{¶ 4} Appellant admitted a third community control violation and the sentencing hearing was held on January 20, 2021. At that time, appellant's community control was terminated and he was sentenced to his original sentence of 30 months in prison for the trafficking in cocaine charge and 11 months in prison for trafficking in marijuana. The terms were ordered to be served consecutively. The sentencing judgment entry was journalized on January 22, 2021, and this appeal followed.

2.

## Assignments of Error

1.  The trial court failed to follow the princip[les] and purposes of Ohio law when it sentenced appellant to consecutive sentences.

2.  The revocation of appellant's community control was against the manifest weight of the evidence.

## Analysis

{¶ 5} Appellant's first assignment of error contends that the trial court failed to properly consider the principles and purposes of Ohio felony sentencing and that the court erred by ordering appellant's sentences to run consecutively. Reviewing a challenge to a felony sentence under R.C. 2953.08(G)(2), we may increase, reduce, modify, or vacate and remand a sentence upon finding either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 6} As to our review of the court's findings under R.C. 2929.11 and 2929.12, the Supreme Court of Ohio has held that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance

3.

with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42.  Stated otherwise, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by a trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12." *State v. Toles*, Slip Opinion No. 2021-Ohio-3531, ¶ 10 (Brunner, J., concurring.)

{¶ 7} Also relevant here, prior to imposing a consecutive sentence under R.C. 2929.14(C)(4), the court must find consecutive sentences are "necessary to protect the public from future crime or to punish the offender," "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and that one of the circumstances under R.C. 2929.14(C)(4) is present.  Such circumstances include:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

4.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 8} The trial court must engage in the correct analysis, state its statutory findings during the sentencing hearing, and incorporate those findings into its sentencing entry. (Emphasis added.) *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 253, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. A word-for-word recitation of the statutory language is not required so long as the record supports the trial court's findings. *Beasley* at ¶ 259.

{¶ 9} In the present case, at the sentencing hearing and in the January 22, 2021 judgment entry, the trial court explicitly stated that it had considered the principles and purposes of sentencing under R.C. 2929.11 and had balanced the seriousness and recidivism factors under R.C. 2929.12. Under *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 42, we are not permitted to independently weigh the evidence behind the court's findings.

{¶ 10} Next, imposing a consecutive sentence, the court stated:

These sentences are ordered to be served consecutively to one another, this being necessary to fulfill the purposes of Revised Code 2929.11 and 2929.14[C] and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses, and the Court finds to

5.

protect the public from future crime or to punish the offender, and your criminal history certainly requires the consecutive sentence.

{¶ 11} Similarly, the sentencing judgment entry states:

Being necessary to fulfill the purposes of R.C. 2929.11 and 2929.14(C)(4), consecutive sentence[s] are necessary to protect the public from future crime or to punish the offender and are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court further finds the defendant's criminal history demonstrates that consecutive sentences are necessary to protect the public, therefore the sentences are ordered to be served consecutively.

{¶ 12} Reviewing the sentencing hearing and judgment entry, we find that the trial court recited the necessary statutory language and found that appellant's criminal history, R.C. 2929.14(C)(4)(c), supported the imposition of consecutive sentences. *Beasley*, at ¶ 253. Further, the sentence imposed was within the statutorily permissible range. Thus, appellant's sentence was not clearly and convincingly contrary to law. Appellant's first assignment of error is not well-taken.

{¶ 13} In appellant's second assignment of error, he argues that the court's revocation of his community control was against the weight of the evidence. Appellant again asserts that the court failed to follow the principles and purposes of felony sentencing.

6.

{¶ 14} Initially we note that our review of a trial court's decision to revoke community control is for an abuse of discretion, we do not conduct a manifest weight of the evidence analysis. *State v. Clark*, 6th Dist. Wood No. WD-12-073, 2013-Ohio-4831, ¶ 15. Thus, we will not reverse the trial court's decision revoking an offender's community control sanction if the record contains substantial evidence of the violation, consisting of more than a mere scintilla of evidence but less than a preponderance of evidence. *Id.*

{¶ 15} After reviewing the record in this matter, we note that this was appellant's third community control violation, community control could have been revoked following the first violation. Appellant was given multiple opportunities to successfully complete his non-prison sentence. The court noted that appellant had not been in contact with the probation department for a few months and that a urine sample he provided was not the correct temperature, thus evidencing intentional dishonesty.

{¶ 16} Based on the foregoing, we conclude that the trial court did not abuse its discretion when it revoked appellant's community control. Appellant's second assignment of error is not well-taken.

**Conclusion**

{¶ 17} The January 22, 2021 judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.
_____
JUDGE

Christine E. Mayle, J.

_____
Myron C. Duhart, J.
JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.