**[Cite as *State v. Smith*, 2022-Ohio-4428.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No.  L-21-1122

     Appellee                                     Trial Court No.  CR0202001931

v.

Robert Witcher Smith                          **DECISION AND JUDGMENT**

     Appellant                                    Decided:  December 9, 2022

* * * * *

Julia R. Bates, Lucas Count Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal from the judgment of the Lucas County Court of Common

Pleas, convicting appellant, Robert Witcher Smith, following a guilty plea to one count of

attempt to commit felonious assault in violation of R.C. 2923.02 and 2903.11(A)(1) and

(D), a felony of the third degree, and one count of aggravated riot in violation of R.C. 2917.02(A)(2) and (C), a felony of the fourth degree, and sentencing him to a 30-month prison term. For the reasons that follow, we affirm.

### I. Facts and Procedural Background

{¶ 2} On August 12, 2020, the Lucas County Grand Jury returned a three-count indictment against appellant, charging him with one count of attempt to commit felonious assault in violation of R.C. 2923.02 and 2903.11(A)(1) and (D), a felony of the third degree, one count of abduction in violation of R.C. 2905.02(A)(2) and (C), a felony of the third degree, and one count of aggravated riot in violation of R.C. 2917.02(A)(2) and (C), a felony of the fourth degree. The charges stemmed from appellant's involvement in a group that beat and assaulted the victim. After watching the assault for a moment, appellant attempted to kick the victim in the head, but narrowly missed. A few moments later, after several members of the group had left, another individual approached and then shot and killed the victim while appellant was present.

{¶ 3} On April 6, 2021, appellant withdrew his initial plea of not guilty, and pleaded guilty to the counts of attempted felonious assault and aggravated riot. The sentencing hearing was held on May 20, 2021. At the sentencing hearing, appellant's trial counsel stated that appellant had substance abuse issues and was high at the time of the attempted assault. Counsel also offered that appellant got caught up in the "mob

2.

mentality" and made a tragic decision in the heat of the moment.  But, counsel emphasized that appellant had no part in the shooting of the victim.

{¶ 4} Prior to imposing the sentence, the trial court confirmed that appellant had 13 prior misdemeanor convictions and one felony conviction as an adult.  On the felony conviction for carrying a concealed weapon, appellant was sentenced to community control, which was then extended for one year, and ultimately terminated unsuccessfully.  Turning to the present charges, the court noted that no motivation was given for why the group assaulted the victim.  The court then commented that perhaps if appellant and the group had not assaulted the victim, then the victim would not have been shot.  The court told appellant that it was "more than legally plausible that you could have been indicted as a codefendant in the homicide."  Thereafter, the trial court ordered the counts of attempted felonious assault and aggravated riot to merge, and the state elected to proceed to sentencing on the count of attempted felonious assault.  The trial court ordered appellant to serve a 30-month prison term, to be served consecutively to a 17-month prison term arising from a separate, unrelated case.

## II. Assignment of Error

{¶ 5} Appellant has timely appealed his judgment of conviction,[1] and now asserts one assignment of error for our review:

---

[1] On July 28, 2021, this court remanded the matter to the trial court, finding that the judgment of conviction was not a final, appealable order because it failed to specify the recipient of a $6,000 restitution award.  On April 21, 2022, the trial court entered a corrected judgment entry.  The issue of restitution is not raised by the parties on appeal.

3.

1. The Trial Court abused its discretion when it sentenced Appellant as though he was a participant in the homicide rather than sentencing him based upon what Appellant entered a plea to.

### III. Analysis

**{¶ 6}** We review the imposition of a felony sentence in accordance with R.C. 2953.08. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 16. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify a sentence if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

**{¶ 7}** In this case, appellant argues that his sentence is contrary to law under R.C. 2953.08(G)(2)(b) because the trial court improperly considered appellant's presence at the scene when the victim was shot, and thus his potential culpability in the victim's death. Appellant argues that the trial court should have only considered appellant's conduct in attempting to kick the victim in the head, which appellant argues weighs in favor of mitigation under R.C. 2929.12(C)(4) ("The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other

4.

relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense: * * * (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."). Notably, appellant did not allege any facts outside of the trial court's consideration of R.C. 2929.11 and 2929.12 as the basis for his assigned error.

{¶ 8} Appellant's argument amounts to a contention that the trial court did not properly consider and weigh the seriousness and recidivism factors in R.C. 2929.12, and thus the trial court's imposition of a 30-month prison sentence was contrary to law under R.C. 2953.08(G)(2)(b). In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39, 42, the Ohio Supreme Court foreclosed this argument, holding that "R.C. 2953.08(G)(2)(b) therefore does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12," and "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." We subsequently recognized that appeals based solely on an alleged error in the trial court's consideration of R.C. 2929.11 and 2929.12 are "subject to summary resolution as a matter of law." *State v. Bowles,* 2021-Ohio-4401,

181 N.E.3d 1226, ¶ 9 (6th Dist.), citing *State v. Toles,* 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784.[2]

{¶ 9} Here, appellant argues that the trial court improperly weighed his presence at the time of the shooting as warranting a more serious sentence under R.C. 2929.12(B)(2). Whether the court's finding under R.C. 2929.12(B)(2) is supported by the record is not subject to appellate review pursuant to R.C. 2953.08(G)(2). *Jones* at ¶ 42. Therefore, we find appellant's assignment of error not well-taken.

## IV. Conclusion

{¶ 10} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

---

[2] In *State v. Bryant,* Slip Opinion No. 2020-0599, 2022-Ohio-1878, the Ohio Supreme Court held that felony sentences remain subject to review if the appellant alleges that the trial court considered factors outside of those enumerated in R.C. 2929.11 and 2929.12 when determining his or her sentence. *Bryant* is inapplicable in light of appellant's argument here.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.    _____
                JUDGE

Christine E. Mayle, J.

Gene A. Zmuda, J.     _____
CONCUR.           JUDGE


              _____
                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.