[Cite as *State v. Meeks*, 2024-Ohio-108.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio                                      Court of Appeals No.  WM-23-001

       Appellee                           Trial Court No.  21CR000225

v.

Scott G. Meeks                           **DECISION AND JUDGMENT**

       Appellant                           Decided:  January 12, 2024

* * * * *

Katherine J. Zartman, Williams County Prosecuting Attorney,
for appellee.

Karin L. Coble, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} Appellant Scott G. Meeks appeals the judgment of the Williams County Court of Common Pleas, convicting him following his guilty plea to five sexual offenses involving minors and sentencing him to an indefinite term of six to nine years in prison. For the following reasons, the trial court's judgment is affirmed.

## I. Factual Background and Procedural History

{¶ 2} On November 9, 2021, the Williams County Grand Jury returned a 31-count indictment against Meeks, charging him with one count of importuning in violation of R.C. 2907.07(D)(2) and (F)(3),[1] a felony of the fifth degree; one count of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(1) and (C), a felony of the second degree; 20 counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1) and (C), felonies of the second degree; and nine counts of illegal use of a minor in nudity-oriented material in violation of R.C. 2907.323(A)(1) and (B), felonies of the second degree. The charges stemmed from Meeks' online conduct in soliciting and possessing child pornography.

{¶ 3} On November 14, 2022, Meeks entered a guilty plea to the count of importuning in violation of R.C. 2907.07(D)(2) and (F)(3), a felony of the fifth degree; the count of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(1) and (C), a felony of the second degree; and three amended counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(5), felonies of the fourth degree. The trial court accepted Meeks' plea, found him guilty, and continued the matter for preparation of a presentence investigation report.

{¶ 4} At the sentencing hearing, the trial court heard statements in mitigation from Meeks and his counsel. Meeks accepted responsibility for his conduct and expressed

---

[1] R.C. 2907.07 was amended effective April 4, 2023. The citations in this case refer to the prior version in effect at the time of Meeks' offense.

2.

remorse, stating that it occurred during a dark time in his life. He promised that it would never happen again. He also noted that he has no felony criminal record and no substance abuse issues, but he recognizes his need for mental health services. Finally, he stated that he has family support and the ability to sustain gainful employment.

{¶ 5} Thereafter, upon consideration of the record, the statements in mitigation, and the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, the trial court sentenced Meeks to serve 11 months in prison on the count of importuning, six to nine years in prison on the count of pandering obscenity involving a minor, and 17 months in prison on each of the three amended counts of pandering sexually oriented matter involving a minor. The trial court further ordered the prison terms to be served concurrently, for a total indefinite prison term of six to nine years.

## II. Assignment of Error

{¶ 6} Meeks timely appealed his judgment of conviction and asserts one assignment of error for review:

1. Mr. Meeks' sentence is not contrary to law, but it is clearly and convincingly not supported by the record.

## III. Analysis

{¶ 7} Felony sentences are reviewed pursuant to R.C. 2953.08(G)(2), which provides, in pertinent part,

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 8} Here, none of the findings under R.C. 2953.08(G)(2)(a) are applicable; thus, Meeks must demonstrate that his sentence is "otherwise contrary to law" under R.C. 2953.08(G)(2)(b). "Contrary to law" means "'in violation of statute or legal regulations at a given time.'" *State v. Goode*, 6th Dist. Sandusky No. S-22-012, 2023-Ohio-863, ¶ 6, quoting *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34; *see also State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22.

{¶ 9} Meeks, however, acknowledges that his sentence is not contrary to law. Instead, he argues that his sentence is too lengthy in light of the record and the statutory guidelines. Specifically, Meeks cites the factors under R.C. 2929.12(B) and (C)

4.

demonstrating that his conduct is "less serious," not "more serious." He also cites the factors under R.C. 2929.12(D) and (E) demonstrating that he is less likely, not more likely, to commit future offenses. Thus, he asks this court to reconsider his sentence and impose community control or a shorter prison term.

{¶ 10} Meeks requests relief that the statute does not provide. R.C. 2953.08(G)(2) "does not permit an appellate court to conduct an independent review of a trial court's sentencing findings under R.C. 2929.12 or its adherence to the purposes of felony sentencing under R.C. 2929.11" *State v. Reynolds*, 6th Dist. Sandusky Nos. S-22-022, S-22-023, 2023-Ohio-2624, ¶ 10, quoting *Bryant* at ¶ 21; *see also Jones* at ¶ 41-42. Thus, this court cannot review the trial court's finding and weighing of those factors, and his assignment of error on this issue may be summarily denied. *State v. Bowles*, 2021-Ohio-4401, 181 N.E.3d 1226, ¶ 8, 10 (6th Dist.), citing *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶ 1.

{¶ 11} Accordingly, Meeks' assignment of error is not well-taken.

## IV. Conclusion

{¶ 12} For the foregoing reasons, the judgment of the Williams County Court of Common Pleas is affirmed. Meeks is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.