[Cite as *State v. Ullman*, 2024-Ohio-5880.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| DANIEL ULLMAN, | : | Case No. 24CA000012 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Guernsey County
Court of Common Pleas, Case No.
23-CR-000208


JUDGMENT:          Affirmed


DATE OF JUDGMENT:          December 16, 2024


APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

NO APPEARANCE          CHRIS BRIGDON
8138 Somerset Rd.
Thornville, Ohio 43076

*Baldwin, J.*

**{¶1}** The appellant appeals the proportionality of his sentence following his change of plea to guilty. Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On or about October 26, 2023, the appellant, a man in his 70s who possessed a pistol and a long gun, became upset with his wife, victim K.U., due to a prior sexual relationship she allegedly had when she was 17-years old. When K.U. went to the bedroom to gather her belongings in order to leave, the appellant grabbed her cell phone, threw it against a wall, pulled out the pistol, shot a hole through the phone, pointed the pistol at K.U., and said he would kill her next. He stayed up all night consuming alcohol, and K.U. was unable to leave the residence.

**{¶3}** On or about October 28, 2023, sheriff's deputies were dispatched to the residence. While en route, deputies were advised by Cambridge Police that they had multiple prior dealings with the appellant in connection with domestic related incidents. When deputies arrived on the scene, K.U. ran out the front door screaming that the appellant had a gun and was going to kill her. Deputies observed red marks on K.U.'s neck, suggesting that the appellant had grabbed K.U. by her neck.

**{¶4}** The appellant was indicted on November 22, 2023, on the following charges:

1. Abduction in violation of R.C. 2905.02 (A)(2) and (C), a third degree felony, with a three-year firearm specification pursuant to R.C. 2941.145(A);

2. Domestic Violence in violation of R.C. 2919.25(A) and (D)(2), a first degree misdemeanor;

3. Domestic Violence in violation of R.C. 2919.25(C) and (D)(2), a fourth degree misdemeanor;

4. Disrupting Public Services in violation of R.C. 2909.04(A)(3) and (C), a fourth degree felony;

5. Using Weapons While Intoxicated in violation of R.C. 2923.15(A) and (B), a first degree misdemeanor;

6. Unlawful Possession of a Dangerous Ordinance in violation of R.C. 2923.17(A) and (D), a fifth degree felony;

7. Unlawful Possession of a Dangerous Ordinance in violation of R.C. 2923.17(A) and (D), a fifth degree felony;

8. Unlawful Possession of a Dangerous Ordinance in violation of R.C. 2923.17(A) and (D), a fifth degree felony; and,

9. Unlawful Possession of a Dangerous Ordinance in violation of R.C. 2923.17(A) and (D), a fifth degree felony.

The appellant was appointed counsel and pleaded not guilty to all charges at his December 7, 2023, arraignment.

{¶5} The appellant thereafter entered into a plea agreement with the appellee. A Plea of Guilty form was filed on March 12, 2024, in which the appellant pleaded guilty to the following charges: Amended Count 1, Attempted Abduction in violation of R.C. 2905.02 and 2923.02, a fourth degree felony; Count 2, Domestic Violence in violation of R.C. 2919.25, a first degree misdemeanor; Count 5, Weapons While Intoxicated in

violation of R.C. 2923.15, a first degree misdemeanor; and, Counts 6 – 9, Unlawful Possession of Dangerous Ordinances in violation of R.C. 2923.17, felonies of the fifth degree.

{¶6}    The Plea of Guilty form specified the possible maximum prison terms as follows: 18 months on Amended Count 1; 180 days in jail on Count 2; 180 days in jail Count 5; and, 12 months per count on Counts 6 – 9 (for a possible 48 months on said counts.) Further, the form stated that "prison terms for multiple charges, even if consecutive sentences are not mandatory, may be imposed consecutively by the Court." The appellee agreed to dismiss the firearm specification in connection with Count One, as well as Counts 3 and 4. The Plea of Guilty form was signed by both the appellant and his appointed trial counsel. A Change of Plea hearing was conducted on March 12, 2024, at which the trial court engaged in the requisite Crim.R. 11 colloquy.

{¶7}    A Sentencing hearing was conducted on May 9, 2024, following preparation of a pre-sentence investigation (PSI.) The trial court considered the PSI as well as all statutory factors in imposing sentence, including the fact that the appellant: caused physical harm to a person; attempted to cause or made an actual of threat of physical harm with a deadly weapon; committed the offenses while in the possession of a firearm; had a history of criminal convictions; the victim suffered serious psychological harm as a result of the offense; and, the appellant's relationship with the victim facilitated the offense.  The court also considered the fact that recidivism was unlikely, that the appellant had no juvenile convictions, and that the appellant showed genuine remorse. However, the court balanced those factors against the more serious factors relating to the offenses, including the fact that the victim suffered serious psychological harm as a result of the

appellant's actions. Indeed, the record indicates that K.U. requested that she be able to retain one of the household firearms in case the appellant was released because she was fearful that he would "get out and kill her."

{¶8}   After considering the above factors, as well as the overriding purposes of felony sentences - that is, to protect the public from future crime by the appellant and others, and to punish the appellant - the trial court sentenced the appellant as follows: 15 months imprisonment on Count 1, Attempted Abduction; 180 days in jail on Count 2, Domestic Violence; 180 days in jail on Count 5, Using a Weapon While Intoxicated; and, 9 months each on Counts 6, 7, 8, and 9. The court noted that the 180 day jail sentences on Counts 2 and 5 were to be served concurrently with each other, and concurrently with the appellant's prison sentences. The court noted further that the sentences as to Counts 1, 6, and 7 were to be served consecutive to one another, and Counts 8 and 9 were to be served concurrent to one another and concurrent to the sentences imposed on Counts 1, 6, and 7. The appellant was thus sentenced to a total aggregate term of 33 months imprisonment.

{¶9}   The appellant filed a timely notice of appeal, and sets forth the following sole assignment of error:

{¶10}   "I. SHOULD THIS COURT REVERSE THE TRIAL COURT'S DECISION TO IMPOSE A THIRTY-THREE (33) MONTH AGGREGATE SENTENCE FOR THE APPELLANT'S CONVICTIONS, INCLUDING CONSECUTIVE SENTENCES OF 15 MONTHS ON COUNT 1, 9 MONTHS ON COUNT 6, AND 9 MONTHS ON COUNT 7; BECAUSE, THE SENTENCE WAS IMPOSED IN CONTRAVENTION OF THE SENTENCING STATUTES R.C. §2929.11 AND R.C. §2929.12, WHERE THE

SENTENCE DID NOT CONFORM TO THE PRINCIPLES OF R.C. §2929.11 AND FACTORS WITHIN R.C. §2929.12 DEMONSTRATED SUBSTANTIAL MITIGATION."

### STANDARD OF REVIEW

**{¶11}** Felony sentences are reviewed under R.C. 2953.08(G)(2). *State v. Goings*, 2014-Ohio-2322, ¶ 20 (6th Dist.). An appellate court may increase, modify, or vacate and remand a judgment only if it clearly and convincingly finds either "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 2016-Ohio-4759, ¶ 7 (6th Dist.), citing R.C. 2953.08(G)(2).

### ANALYSIS

**{¶12}** The appellant argues that the proportionality of the appellant's sentence was inconsistent with the principles set forth in R.C. 2929.11 and the factors to be considered in R.C. 2929.12. We disagree.

**{¶13}** The appellant pleaded guilty to attempted abduction in violation of R.C. 2905.02 and 2923.02, a fourth degree felony; domestic violence in violation of R.C. 2919.25, a first degree misdemeanor; Count 5, Weapons While Intoxicated in violation of R.C. 2923.15, a first degree misdemeanor; and, Counts 6 – 9, Unlawful Possession of Dangerous Ordinances in violation of R.C. 2923.17, felonies of the fifth degree. The potential maximum sentence on these charges totaled 78 months; the appellant was sentenced to an aggregate term of 33 months.

**{¶14}** R.C. 2929.11 provides in pertinent part:

(A)     A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B)     A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

R.C. 2929.12 provides in pertinent part:

(C)     Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall

consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

(D)     The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

(1)     The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2)     The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

(3)     The offender held a public office or position of trust in the community, and the offense related to that office or position.

(4)     The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

(5)     The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

(6)     The offender's relationship with the victim facilitated the offense.

(7)     The offender committed the offense for hire or as a part of an organized criminal activity.

(8)     In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

(9)     If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

(E)     The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

(1)     The victim induced or facilitated the offense.

(2)     In committing the offense, the offender acted under strong provocation.

(3)     In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4)     There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

(F)     The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

(1)     At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program under section 2967.26 of the Revised Code.

(2)     The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

(3)     The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

(4)     The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5)     The offender shows no genuine remorse for the offense.

(G)     The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

(1)     Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2)     Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3)     Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4)     The offense was committed under circumstances not likely to recur.

(5)     The offender shows genuine remorse for the offense.

(H)     The sentencing court shall consider the offender's military service record and whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses.

{¶15} This court addressed sentencing issues in *State v. Worden,* 2022-Ohio-4648 (5th Dist.):

R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39. The Ohio Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."

*Id.* at ¶27.

**{¶16}** In the case sub judice, the sentences imposed by the trial court on the charges to which the appellant pleaded guilty complies with the applicable sentencing statutes. The sentences were within the statutory sentencing range. The appellant has not shown that the trial court imposed the sentence based upon impermissible considerations, for example, considerations that fall outside those contained in R.C. 2929.11 and R.C. 2929.12.  The record contains evidence supporting the trial court's findings based upon the applicable law. The trial court did not err in imposing sentence upon the appellant, and we find no basis for concluding that the trial court's decision is contrary to law.

**{¶17}** The overriding purposes of felony sentencing are, inter alia, to punish the offender and to protect the public from future crime by the offender. The appellant's presentence investigation established that he has a criminal history. The sentence imposed by the trial court achieves the aforesaid statutory purposes, as it punishes the appellant for his offenses and protects the public from future crime by the appellant.  To

achieve those purposes, the trial court properly considered the appellant's history, the need to incapacitate the appellant, and the need to deter the appellant and others from committing future crimes. The trial court also considered the impact of the crimes upon the victim. The appellant engaged in serious physical violence towards his wife, the victim in this case, over a period of days while intoxicated and in the possession of at least two firearms. He prevented her from leaving the residence and threatened her with serious physical violence, causing her to fear for her life.  R.C. 2929.12 gives the trial court the discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11, and we do not find that the trial court's decision fell outside of these statutory parameters.

{¶18} Based upon the foregoing, we find that the trial court did not commit error when it sentenced the appellant. The trial court's imposition of sentence on the charges to which the appellant pleaded guilty complies with the applicable rules and sentencing statutes. While the appellant may disagree with the way in which the trial court weighed those factors, his sentence was within the applicable statutory range. Accordingly, there is no basis upon which to conclude that the sentence imposed by the trial court is contrary to law.

**CONCLUSION**

**{¶19}** Based upon the foregoing, the appellant's sole Assignment of Error is overruled, and the judgment of the Guernsey County Court of Common Pleas is hereby affirmed.

By: Baldwin, J.

Wise, John, P.J. and

King, J. concur.