[Cite as *State v. Carter*, 2023-Ohio-829.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2022-0029 |
| FREDERICK CARTER | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Muskingum
County Court of Common Pleas, Case No.
CR 2021-0610

JUDGMENT:                                    Affirmed

DATE OF JUDGMENT ENTRY:       March 15, 2023

APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

RON WELCH                               RYAN AGEE
Prosecuting Attorney                    100 S. Lafayette St.
BY: JOHN CONNOR DEVER           Camden, OH 45311
Assistant Prosecutor
27 North Fifth St.
Zanesville, OH 43702

*Gwin, P.J.*

{¶1} Defendant-appellant Fredrick Carter ["Carter"] appeals his consecutive sentences after a negotiated guilty plea in the Muskingum County Court of Common Pleas.

*Facts and Procedural History*

{¶2} On November 10, 2021, the Muskingum County grand jury returned an indictment charging Carter with: Count One, Improperly Handling Firearms in a Motor Vehicle, a felony of the fourth degree in violation of R.C. 2923.16(B), Count Two, Having Weapons While under Disability, a felony of the third degree in violation of R.C. 2923.13(A)(4), Count Three, Possession of Marijuana in an amount less than 100 grams, a minor misdemeanor in violation of R.C. 2925.11(C)(3)(a), and Count Four, Trafficking in Marijuana in an amount less than 200 grams, a felony of the fifth degree in violation of R.C. 2925.03(A)(2), with a one-year firearm specification in violation of R.C. 2941.141 and a forfeiture specification for $20,124.00 in violation of R.C. 2941.1417.

{¶3} The offenses came about as the result of a traffic stop for a marked lanes violation. Plea T. at 12. Carter told the officer that he had a firearm in the vehicle. Id. at 13. A loaded handgun, two additional magazines, a large amount of cash, less than 200 grams of marijuana, and five cell phones were also found. Id. A search of the cell phones revealed drug trafficking conversations. Id.

{¶4} On March 9, 2022, Carter filed a written Crim R. 11(F) Plea of Guilty. On that same date Carter entered guilty pleas to Count One and Count Four of the indictment in open court. In exchange, the state dismissed Count Two and Count Three. During the change of plea hearing, Carter agreed to the firearm specification and the forfeiture of both the handgun and the $20,124.00. Plea T. Mar 9, 2022 at 4; 9-10. The trial court

deferred sentencing and ordered the preparation of a Pre-sentence Investigation Report. Id. at 14.

{¶5} The trial court held a sentencing hearing on April 20, 2022. The trial court sentenced Carter on Count One to 18 months and on Count Four to 12 months. The trial court ordered the sentences to run consecutively for an aggregate prison term of thirty months. The trial court further imposed a mandatory consecutive one-year for the firearm specification. Accordingly, Carter was sentenced to a total aggregate term of 42 months. Sent. T. Apr 20, 2022 at 13-14.

*Assignment of Error*

{¶6} Carter raises one Assignment of Error,

{¶7} "I. THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO THE MAXIMUM SENTENCE OF 12 MONTHS ON HIS FELONY 5 MARIJUANA TRAFFICKING CONVICTION."

*Law and Analysis*

{¶8} Although he has couched his Assignment of Error in terms of the imposition of the maximum sentence, Carter is, in reality, arguing the trial court erred in ordering his sentences be served consecutively. [Appellant's brief at 3-6].

**Standard of Appellate Review**

{¶9} Before a trial court imposes consecutive sentences, it must make specific findings which are delineated in R.C. 2929.14(C)(4). Specifically, the trial court must find that "the consecutive service is necessary to protect the public from future crime or to punish the offender." Id. It must also find that "consecutive sentences are not

disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Id. Finally, the court must find at least one of the following:

{¶10}   (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶11}   (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶12}   (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶13}   R.C. 2953.08(G)(2) does not allow an appellate court to reverse or modify a defendant's consecutive sentences using the principles and purposes of felony sentencing as set forth in R.C. 2929.11(A) and (B) and the seriousness and recidivism factors in R.C. 2929.12. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶13-18. ("*Gwynne II*"); *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39; *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10.

{¶14} An appellate court can reverse or modify the trial court's order of consecutive sentences if it clearly and convincingly finds that the record does not support the findings. The evidentiary standard for changing the trial court's order of consecutive

sentences is not deference to the trial court; the evidentiary standard is that the appellate court, upon a de novo review of the record and the findings, has a "firm belief" or "conviction" that the findings are not supported by the evidence in the record. *State v. Gwynne,* Slip Op. No. 2022-Ohio-4607, 2022 WL 1780605 (Dec. 23, 2022), ¶23. ("*Gwynne III*").

{¶15} The first step in consecutive-sentence review is to ensure that the consecutive-sentence findings under R.C. 2929.14(C)(4) have been made—i.e., the first and second findings regarding necessity and proportionality, as well as the third required finding under R.C. 2929.14(C)(4)(a), (b), or (c). *Gwynne III,* ¶ 25.

*Whether the consecutive-sentence findings under R.C. 2929.14(C)(4) have been made—i.e., the first and second findings regarding necessity and proportionality, as well as the third required finding under R.C. 2929.14(C)(4)(a), (b), or (c)*

{¶16} In the case at bar, Carter's consecutive one-year prison sentence for the firearm specification was mandatory. R.C. 2929.14(B)(1)(a)(iii). Pursuant to R.C. 2929.13(B)(1)(a)(i) and R.C. 2929.13(B)(1)(b)(i) the trial court was authorized to impose a prison sentence for Carter's conviction for Trafficking in Marijuana in an amount less than 200 grams, a felony of the fifth degree in violation of R.C. 2925.03(A)(2) and Carter's conviction for Improperly Handling Firearms in a Motor Vehicle, a felony of the fourth degree in violation of R.C. 2923.16(B).

{¶17} Prior to imposing sentence, the trial court reviewed the pre-sentence investigation report. Sent. T. at 9. The trial court further heard the statements of counsel for the state and counsel for Carter. The trial court heard Carter's statements and had a dialogue with Carter.

{¶18} At the sentencing hearing, the state noted, "the trafficking came almost more through the text message evidence of the trafficking that [Carter] had participated in as well as having a gun and money in the vehicle." Sent. T. at 4-5. The state further noted that Carter was on probation for a similar incident in Licking County. Sent. T. at 5. The state argued that Carter's pattern of conduct "weighs more towards not the minimum sentence on the underlying offenses." Id. However, the state did not "have a particular number to give the court." Id. The state requested "somewhere in the middle, if not higher." Id. The state did not request that the trial court impose consecutive sentences.

{¶19} Carter's attorney noted that Carter has always been employed. Sent. T. at 5-6. The prior incident occurred in Licking County in May, 2021. Id. at 6. Carter was sentenced and on probation at the time of this offense. Id. Carter has gone to treatment for drug and alcohol addiction. Id.

{¶20} During its dialogue with Carter the trial court noted that Carter claimed both the large amount of cash and gun found on him were not related to dealing in drugs. Sent. T. at 9-12. Carter showed no remorse and did not accept responsibility for his actions. Id. 11-13.

{¶21} At Carter's sentencing hearing, the trial court found consecutive sentences were necessary to protect the public from future crime or to punish this offender. The trial court further found that consecutive sentences are not disproportionate to the seriousness of Carter's conduct and to the danger he poses to the public. Sent. T. at 13-14. In addition, the trial court found that, "at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the

offenses committed as part of any course of conduct adequately reflects the seriousness of the defendant's conduct." R.C. 2929.14(C)(4)(b).

**{¶22}** As was true in *State* v. *Bonnell,* at the sentencing hearing in the case at bar, the trial court heard arguments from the parties, but no one addressed whether the sentences should be served concurrently or consecutively. 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶9.

**{¶23}** In *State v. Bonnell,* the Ohio Supreme Court held that "no statute directs a sentencing court to give or state reasons supporting imposition of consecutive sentences. Thus, a trial court is not required by Crim.R. 32(A)(4) to give reasons supporting its decision to impose consecutive sentence." 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶27. In ordering the sentences be served consecutively, the trial court simply read the provisions of R.C. 2929.14(C)(4). Sent. T. at 13-14.

**{¶24}** Thus, because no reasons are required to be given by the trial court before imposing consecutive sentences, we must find that the consecutive-sentence findings under R.C. 2929.14(C)(4) were made by the trial court in this case.

*Whether the trial court's decision to impose consecutive sentences in Carter's case is supported by the record*

**{¶25}** If the appellate court determines that the R.C. 2929.14(C)(4) consecutive-sentence findings have been made, the appellate court may then determine whether the record clearly and convincingly supports those findings. *Gwynne III,* ¶ 26. This second step in consecutive sentence review requires the appellate court to review the record to ensure that the evidentiary basis reflected in the record be adequate to fully support the trial court's consecutive-sentence findings. The appellate court must focus on both the

quantity and quality of the evidence in the record that either supports or contradicts the consecutive-sentence findings. *Gwynne III,* ¶29. If even one of the consecutive-sentence findings is found not to be supported by the record under the clear-and-convincing standard provided by R.C. 2953.08(G)(2), then the trial court's order of consecutive sentences must be either modified or vacated by the appellate court. *See* R.C. 2953.08(G)(2). *Gwynne III,* ¶ 26.

{¶26} R.C. 2953.08(F) explains what the "record" entails for purposes of appellate review of consecutive sentences. Specifically, it includes any of the following that may be applicable: written presentence, psychiatric, or other investigative reports submitted to the trial court prior to sentencing; the trial court record in the case in which the sentence was imposed; any oral or written statements made to or by the court at sentencing; and any written findings the court was required to make in connection with a grant of judicial release. R.C. 2953.08(F)(1)-(4).

{¶27} In the case at bar, Carter's one-year consecutive prison sentence for the firearm specification was mandatory. R.C. 2929.14(B)(1)(a)(iii). For Carter's conviction for Trafficking in Marijuana in an amount less than 200 grams, a felony of the fifth degree in violation of R.C. 2925.03(A)(2), Carter received the maximum sentence of twelve months. For Carter's conviction for Improperly Handling Firearms in a Motor Vehicle, a felony of the fourth degree in violation of R.C. 2923.16(B), Carter received the maximum sentence of eighteen months. This would amount to an aggregate sentence of 30 months if the two underlying sentences were to run concurrently, and the one-year firearm specification imposed consecutively as mandated by statute. By running all of the sentences consecutively, Carter's sentence is extended to 42 months.

**{¶28}** To determine whether the record supports the trial court's imposition of consecutive sentences we must be mindful that, "within the context of R.C. 2929.14(C)(4), whether consecutive sentences are necessary to protect the public is completely dependent on whether the defendant's criminal history demonstrates the need for the defendant to be incapacitated by a lengthy term of incarceration. A trial court cannot make this necessity finding without considering the overall prison term that it will be imposing." *Gwynne III,* ¶ 15.

**{¶29}** According to the Ohio Supreme Court, "the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences." *Bonnell*, ¶28. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." Id. at ¶29.

**{¶30}** R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39. The Ohio Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."

**{¶31}** Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Carter has not shown that the trial court imposed the

sentence based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and R.C. 2929.12. Further, the record contains evidence supporting the trial court's findings under R.C. 2929.14(C)(4). Therefore, we have no basis for concluding that it is contrary to law.

{¶32} Accordingly, Carter's First Assignment of Error is overruled.

{¶33} The judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur