[Cite as *State v. McDonald*, 2023-Ohio-4007.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio                                                    Court of Appeals No.  H-22-012

     Appellee                                              Trial Court No.  CRI20220161

v.

Andrew McDonald                                        **DECISION AND JUDGMENT**

     Appellant                                            Decided:  November 3, 2023

* * * * *

James Joel Sitterly, Huron County Prosecuting Attorney, and
Melissa A. Angst, Assistant Prosecuting Attorney, for appellee.

Henry Schaefer, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} Appellant, Andrew McDonald, appeals the July 12, 2022 judgment of the

Huron County Court of Common Pleas sentencing him to an aggregate prison term of

seven to ten years following his conviction for kidnapping and complicity to tampering

with evidence.  For the following reasons, we affirm the trial court's judgment.

## A. Fact and Procedural Background

{¶ 2} On March 18, 2022, appellant was indicted on count of kidnapping in violation of R.C. 2905.01(A)(3) and (C)(1), a first degree felony; one count of felonious assault in violation of R.C. 2923.11(A)(1) and (D)(1)(a), a second degree felony; attempted felonious assault in violation of R.C. 2923.02(A) and (E)(1), a third degree felony; tampering with evidence in violation of R.C. 2921.12(A)(1) and (B), a third degree felony; one count of complicity to commit the offense of tampering with evidence in violation of R.C. 2923.03(A)(1) and (F), a third degree felony; four counts of menacing by stalking in violation of R.C. 2903.211(A)(1) and (B)(2)(b), R.C. 2903.211(A)(1) and (B)(2)(e), R.C. 2903.211(A)(2)(a) and (B)(2)(b), and R.C. 2903.211(A)(2)(a) and (B)(2)(e), respectively, each a fourth degree felony; and one count of possessing criminal tools in violation of R.C. 2923.24(A) and (C), a fifth degree felony.

{¶ 3} The charges arose from an incident on March 10, 2022, in which the Willard, Ohio Police Department performed a welfare check on the victim, D.F., at an apartment on Crestwood Drive in Willard, Huron County, Ohio. The police found the victim in the apartment with multiple injuries including scratches, red marks, and a bruise on her left cheek. She informed the police that appellant assaulted her and then left her in the apartment. Appellant was located that same night and arrested. After his arrest, appellant contacted his mother from jail and concocted a scheme with her to destroy his

2.

cell phone by flushing it down a toilet. The phone was eventually recovered but was waterlogged as a result of their attempt to destroy it. Appellant was indicted approximately one week later.

{¶ 4} Appellant appeared with counsel for his arraignment on March 21, 2022. At that time, he was advised that if he was found guilty of the kidnapping charge, he would be subject to the imposition of an indefinite prison term pursuant to R.C. 2967.271—Ohio's "Reagan Tokes Law." Appellant then entered a not guilty plea to all counts and was released on a $50,000 bond.

{¶ 5} Following negotiations with the state, appellant agreed to enter a guilty plea to the counts of kidnapping and complicity to tampering with evidence. In exchange for his guilty pleas, the state agreed to request that all remaining charges be dismissed. At his change of plea hearing on May 27, 2022, appellant was again advised of the potential sentence to be imposed for the kidnapping count pursuant to the Reagan Tokes Law. Appellant then entered his guilty pleas in accordance with the agreement. The trial court ordered appellant to participate in a presentencing investigation and set his sentencing for July 7, 2022.

{¶ 6} At sentencing, the trial court imposed an indefinite prison term of a minimum of six years and a maximum of nine years on the kidnapping offense pursuant to the Reagan Tokes Law. The trial court also imposed a twelve-month prison term on the complicity offense. The trial court ordered those sentences to be served consecutively

3.

to each other for an aggregate prison term of seven to ten years.[1]  The trial court's judgment reflecting appellant's sentence and dismissing the remaining counts against him was memorialized on July 12, 2022.

{¶ 7} On September 27, 2022, appellant filed a motion for leave to file a delayed appeal pursuant to App.R. 5.  We granted appellant's motion on December 15, 2022 and this appeal commenced with appellant's filing of his notice of appeal on January 5, 2023.

### B.  Assignment of Error

{¶ 8} Appellant asserts the following error for our review:

1.  As amended by the Reagan Tokes Act, the Revised Code's sentences for first and second-degree qualifying felonies violate the United States and Ohio Constitutions.  The court erred in issuing an indefinite sentence pursuant to the Act.

### II.  Law and Analysis

{¶ 9} In his single assignment of error, appellant argues that the Reagan Tokes Law's indefinite sentencing structure for certain first and second degree felonies is unconstitutional.  Specifically, he argues that indefinite sentencing violates his rights to due process under the Fourteenth Amendment of the United States Constitution and Article I, Section 16 of the Ohio Constitution, the separation of powers doctrine, and his

---

[1] The trial court also imposed a one-year prison term for appellant's violation of the terms of his community control previously imposed in Huron County Court of Common Pleas case No. CRI 2019-1135.  That sentence is not part of the present appeal.

4.

right to a jury trial under the Sixth Amendment of the United States Constitution and Article I, Section 5 of the Ohio Constitution. For the following reasons, we affirm the trial court's judgment.

{¶ 10} The Reagan Tokes Law became effective on March 22, 2019. It allowed for the imposition of indefinite prison sentences for certain qualifying felony offenses. R.C. 2929.14(A)(1)(a) and (2)(a). When imposing sentence for a qualifying offense, the trial court must choose a "minimum term" from a range of possible minimum prison terms. *State v. Hacker,* 2023 Ohio 2535, -- N.E.3d --, ¶ 7. That minimum term is then multiplied by one and half to determine the maximum, indefinite portion of the prison term. *Id.*; R.C. 2929.144(B)(1). R.C. 2967.271(B) mandates that "there shall be a presumption that the [offender] shall be released from service of the sentence on the expiration of the offender's minimum prison term[.]" That presumption may be rebutted by the Ohio Department of Rehabilitation and Corrections ("ODRC"), however, if it determines, at a hearing, that one or more of the following applies:

(1) Regardless of the security level in which the offender is classified at the time of the hearing, both of the following apply:

(a) During the offender's incarceration, the offender committed institutional rule infractions that involved compromising the security of a state correctional institution, compromising the safety of the staff of a state correctional institution or its inmates, or physical harm or the threat of

5.

physical harm to the staff of a state correctional institution or its inmates, or committed a violation of law that was not prosecuted, and the infractions or violations demonstrate that the offender has not been rehabilitated.

(b) The offender's behavior while incarcerated, including, but not limited to the infractions and violations specified in division (C)(1)(a) of this section, demonstrate that the offender continues to pose a threat to society.

(2) Regardless of the security level in which the offender is classified at the time of the hearing, the offender has been placed by the department in extended restrictive housing at any time within the year preceding the date of the hearing.

(3) At the time of the hearing, the offender is classified by the department as a security level three, four, or five, or at a higher security level.

R.C. 2967.271(C). If ODRC rebuts the offender's release at the conclusion of their minimum term, their incarceration may be maintained "for a reasonable period * * * specified by [ODRC]" but that period may not exceed the maximum term imposed at sentencing. *Hacker* at ¶ 10; R.C. 2967.271(D). It is this period of incarceration beyond the minimum term that appellant argues is unconstitutional on its face.

{¶ 11} Appellant argues that the procedure for determining his release date after serving his minimum term violates his right to due process by failing to provide adequate notice in R.C. 2967.271(A)(1) of the conditions he must meet to avoid extended

6.

incarceration and by failing to provide for certain rights—right to counsel, to confront witnesses, to avoid self-incrimination, and having guilt established beyond a reasonable doubt—at the hearing during which the extension is determined. Further, he argues that the Reagan Tokes Law violates the separation of powers doctrine because it allows the executive branch of government—the ODRC—to determine his sentence, an act that is "solely the province of the judiciary." *State ex rel. Bray v. Russell,* 89 Ohio St.3d 132, 136, 729 N.E.2d 359 (2000). Lastly, he argues that the law violates his right to a jury trial on any additional "punishment" to be imposed upon him beyond serving the minimum prison term imposed under R.C. 2967.271.

{¶ 12} At the time appellant filed his brief, this court had previously rejected these same facial challenges to the Reagan Tokes Law as being unconstitutional. *See State v. Maddox,* 6th Dist. Lucas No. L-19-1253, 2022-Ohio-1350; *State v. Eaton,* 2022-Ohio-2432, 192 N.E.3d 1236 (6th Dist.); *State v. Stenson,* 2022-Ohio-2072, 190 N.E.3d 1240 (6th Dist.). Those same issues, however, were also pending before the Ohio Supreme Court in *State v. Hacker,* 2023 Ohio 2535, -- N.E.3d --. It was prudent, then, for appellant to raise these arguments in this appeal to protect his claims in the event the Ohio Supreme Court found the statute was, indeed, unconstitutional. He noted in his brief that his arguments in the present appeal are "not novel or distinct from" the arguments raised in *Hacker.* Further, appellant conceded that the Ohio Supreme Court's

7.

resolution of those arguments in *Hacker* would "likely be dispositive of the issue raised here."

{¶ 13} On July 26, 2023, the Ohio Supreme Court held that the Reagan Tokes Law was not unconstitutional on its face as it did not violate an offender's right to due process, it did not violate the separation of powers doctrine, and that an offender did not have a right to a jury trial to determine whether they would serve a prison term beyond the minimum term imposed under R.C. 2967.271. *Hacker* at ¶ 41. We agree with appellant that this finding is dispositive of his appeal and that the statute is not facially unconstitutional. This clear resolution of appellant's arguments in *Hacker* not only resolves this appeal, it has direct impact on our review of those same arguments moving forward.

{¶ 14} Since its effective date, multiple facial challenges to the Reagan Tokes Law have arisen throughout the state. At the time of its decision in *Hacker,* the Ohio Supreme Court had ordered the resolution of 167 other cases making the same arguments to be held pending resolution of that appeal. 153 of those cases being held were recently "affirmed on the authority of [*Hacker*]."[2] *In re Cases Held for* State v. Hacker *and* State v. Simmons, Slip Opinion No. 2023-Ohio-3863, ¶ 1. Further, including this appeal, this court has now relied on *Hacker* three times to find an offender's facial constitutional

---

[2] The remaining 14 cases were dismissed as having been improvidently accepted. *In re. Cases Held* at ¶ 3-7.

8.

challenge to the Reagan Tokes Law based on the arguments advanced by appellant here are without merit. *State v. Alexander,* 2023-Ohio-2708, -- N.E.3d -- (6th Dist.); *State v. Fenderson,* 6th Dist. Erie No. E-22-034, 2023-Ohio-2903. Put simply, this facial challenge to the constitutionality of the Reagan Tokes Law, as argued by appellant, has already been resolved and does not warrant further consideration by this court in subsequent appeals.

{¶ 15} Our conclusion that these same arguments do not warrant further analysis in other appeals arises from the Ohio Supreme Court's recent resolution of a separate felony sentencing appeal in *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6279, 169 N.E.3d 649, and the application of that holding in subsequent proceedings. In *Jones,* the Ohio Supreme Court held that appellate courts could not reverse a felony sentence as being contrary to law under R.C. 2953.08(G)(2) based on an appellant's challenge to the trial court's consideration of the purposes and principals of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12 prior to imposing sentence. *Id.* at ¶ 42. Following *Jones*, we began affirming trial court judgments in which the assigned error related solely to the trial court's purportedly erroneous consideration of R.C. 2929.11 and 2929.12 when determining the appellant's sentence as a matter of law. *State v. Mockensturm,* 6th Dist. Wood Nos. WD-20-007, WD-20-008, 2021-Ohio-881; *State v. Orzechowski,* 6th Dist. Wood No. WD-20-029, 2021-Ohio-985; *State v. Wilson,* 6th Dist. Lucas No. L-21-1037, 2021-Ohio-3768. In *Orzechowski,* we

9.

held that in light of *Jones,* "assigning error to the trial court's imposition of sentence as contrary to law based solely on its consideration of R.C. 2929.11 and 2929.12 i*s no longer grounds for this court to find reversible error*." *Orzechowski* at ¶ 13 (emphasis added).

{¶ 16} The Ohio Supreme Court reaffirmed its holding in *Jones,* and in turn our holding in *Orzechowski*, through its decision in *State v. Toles,* 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784.  In a single line opinion, the court affirmed the 12th District Court of Appeals's decision not to consider Toles's argument regarding the felony sentencing factors stating "the court of appeals is affirmed on the authority of [*Jones*]." In her concurring opinion, Justice Brunner recognized that while *Jones* was controlling as to appellants making the same argument that had already been addressed, that appellants challenging their sentence with distinct arguments were not precluded from having their arguments reviewed.  We adopted the rationale from *Toles* in *State v. Bowles,* 2021-Ohio-4401, 181 N.E.3d 1226, when we held that "we are squarely prohibited" from reviewing the arguments raised in *Jones* and that appeals based on that same argument alone are "subject to summary resolution as a matter of law."  *Bowles* at ¶ 11, citing *Toles* at ¶ 11. Put simply, once the Ohio Supreme Court clearly resolved the arguments raised in *Jones,* it was no longer necessary for appellate courts to address those same arguments each time they were raised by a new appellant.

10.

**{¶ 17}** Applying that same logic to the present appeal, we find that appellant's facial challenges to the constitutionality of the Reagan Tokes Law have been similarly, definitively resolved. Notably, the Ohio Supreme Court utilized this summary resolution procedure to affirm nearly all of the cases it had ordered held for resolution in *Hacker. In re. Cases Held* at ¶ 1. As a result, any facial challenges to the constitutionality of the Reagan Tokes Law raised in this court that are indistinguishable from the arguments raised in this appeal are subject to summary resolution on the authority of *Hacker.*

**{¶ 18}** Accordingly, appellant's arguments in this appeal, while properly raised at the time he filed his brief, have now been found to be without merit. Therefore, on the authority of *Hacker,* we find appellant's single assignment of error not well-taken.

### III. Conclusion

**{¶ 19}** We find appellant's single assignment of error not well-taken and we affirm the July 12, 2022 judgment of the Huron County Court of Common Pleas.

**{¶ 20}** Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Gene A. Zmuda, J.

Myron C. Duhart, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.