[Cite as *State v. Jones*, 2024-Ohio-1512.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                                       Court of Appeals No.    WD-23-041
                                                                                           WD-23-042

          Appellee                                                 Trial Court No.  2022CR0456
                                                                                    2023CR0268

v.

Jonathon R. Jones                                                  **DECISION AND JUDGMENT**

          Appellant                                               Decided: April 19, 2024

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Michael B. Kelley, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} This consolidated matter is before the court on appeal of the Wood County
Court of Common Pleas judgments of August 7, 2023, following sentencing in Wood
County case No. 22CR456 and case No. 23CR268. The trial court sentenced appellant,
Jonathon Jones to an aggregate prison term of 54 months. Finding no error, we affirm.

## II. Facts and Procedural History

{¶ 2} On October 24, 2022, around 4:30 a.m., police stopped Jones and a 16-year-old girl, K.C., as they walked along the roadway near a truck stop in Lake Township. K.C. initially gave a false name and age, but police later identified her, learned her age, and determined she was reported as a runaway after leaving an eating disorder clinic in Columbus, Ohio, earlier in the month. Jones admitted picking K.C. up from the clinic, claiming they met online, and she told him she was 19. Police found nude photographs of K.C. on Jones's phone, as well as a video of Jones and K.C. having sex. Jones admitted to disseminating the video.

{¶ 3} On November 3, 2022, the Wood County grand jury indicted Jones in case No. 22CR456, alleging the following offenses:

Count One: endangering children in violation of R.C. 2919.22(B)(5) and (E)(4), a felony of the second degree, with a human trafficking specification pursuant to R.C. 2941.1422(A);

Count Two: pandering obscenity in violation of R.C. 2907.32(A)(1) and (C), a felony of the fifth degree;

Count Three: pandering obscenity involving a minor or impaired person in violation of R.C. 2907.321(A)(1) and (C), a felony of the second degree;

Count Four: contributing to unruliness or delinquency of a child in violation of R.C. 2919.24(B)(1) and (C), a misdemeanor of the first degree;

Count Five: interference with custody in violation of R.C. 2919.23(B) and (D)(4), a misdemeanor of the first degree;

Count Six: possessing criminal tools in violation of R.C. 2923.24(A) and (C), a felony of the fifth degree; and

Count Seven: failure to comply with underage alcohol laws in violation of R.C. 4301.69(A) and 4301.99(I), an unclassified misdemeanor.

{¶ 4} On November 4, 2022, Jones was arraigned and entered a not guilty plea, and the trial court set a cash bond.

{¶ 5} On March 9, 2023, the trial court modified Jones's bond to a personal recognizance bond, with electronic monitoring (an ankle monitor) a condition of his bond.

{¶ 6} On March 10, 2023, Jones entered a guilty plea to an amended Count 1: endangering children in violation of R.C. 2919.22(B)(2) and (E)(3), a felony of the third degree; and an amended Count 3: attempt to commit pandering obscenity in violation of R.C. 2923.02 and 2907.321(A) and (C), a felony of the third degree. The trial court accepted the plea, found Jones guilty of the amended counts, and continued the matter for a presentence investigation prior to the scheduled sentencing date of May 4, 2023.

{¶ 7} After entering his plea, on or about April 21, Jones cut his ankle monitor off and left the state. On May 4, 2023, Jones failed to appear for sentencing, and a nationwide warrant issued for his arrest.

{¶ 8} On May 24, 2023, Jones was taken into custody.

3.

{¶ 9} On June 8, 2023, the Wood County grand jury indicted Jones in case No. 23CR268, alleging the following:

Count One: failure to appear as required by recognizance in violation of R.C. 2937.99(A) and (B), a felony of the fourth degree; and

Count Two: vandalism in violation of R.C. 2909.05(B)(2) and (E), a felony of the fifth degree.

{¶ 10} On June 22, 2023, Jones was arraigned and entered a not guilty plea in this second case.

{¶ 11} On August 3, 2023, the date scheduled for sentencing in case No. 22CR456, Jones appeared with counsel and entered a guilty plea to the indictment in case No. 23CR268. The trial court accepted the plea and found Jones guilty, and then proceeded to the sentencing hearing in both cases.

{¶ 12} In case No. 22CR456, the trial court made the requisite findings under R.C. 2929.11 and 2929.12 and determined a prison sentence necessary in each case. The trial court imposed a sentence in case No. 22CR456 of 36 months for amended count one, endangering children in violation of R.C. 2919.22(B)(2) and (E)(3), a felony of the third degree; and 36 months for amended count three, attempt to commit pandering obscenity in violation of R.C. 2923.02 and 2907.321(A)(1) and (C), a felony of the third degree. The state requested dismissal of the remaining counts and the human trafficking specification, which the trial court granted. The trial court classified Jones as a Tier II sex offender.

4.

{¶ 13} The trial court made the requisite findings under R.C. 2929.14(C)(4), on the record, and ordered the terms for each count to be served concurrent to each other but consecutive to case No. 23CR268.

{¶ 14} In case No. 23CR268, the trial court again made the requisite findings under R.C. 2929.11 and 2929.12, and imposed a prison term of 18 months as to count one, failure to appear as required by recognizance in violation of R.C. 2937.99(A) and (B), a felony of the fourth degree, and a prison term of 12 months as to count two, vandalism in violation of R.C. 2909.05(B)(2) and (E), a felony of the fifth degree.

{¶ 15} The trial court made the requisite findings under R.C. 2929.14(C)(4), on the record, and ordered the sentences to be served concurrent to each other but consecutive to the sentence imposed in case No. 22CR456, for an aggregate sentence of 54 months.

{¶ 16} Jones filed a timely appeal from these judgments.

### III. Assignments of Error

{¶ 17} On appeal, Jones challenges the imposition of maximum sentences for each count, as well as the aggregate sentence. Jones raises the following as assignments of error:

I.    The trial court's sentence is contrary to law and violates ORC 2953.08 as the court erroneously imposed maximum sentences, which is plain error.

II.      The trial court's sentence is contrary to law and violates ORC 2929.14(C)(4) as the court erroneously imposed consecutive sentences, which is plain error.

## IV. Analysis

{¶ 18} Jones challenges the trial court's imposition of prison terms and the trial court's order that the sentence in each case be served consecutively as plain error. However, our review is governed by R.C. 2953.08(G)(2), which provides:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
> (b) That the sentence is otherwise contrary to law.

{¶ 19} Jones first challenges the imposition of maximum prison terms in case Nos. 22CR456 and 23CR258. In each case, Jones argues the counts, child endangering and pandering in case No. 22CR456 and failure to appear and vandalism in case No. 23CR258, arose from single incidents: filming himself having sex with a minor in case No. 22CR456 and fleeing the jurisdiction in case No. 23CR258. Therefore, Jones argues, the maximum sentence constituted plain error.

{¶ 20} In support of the claimed error, Jones argues the trial court failed to follow the statutory requirements in imposing prison terms. We have reviewed the record and

6.

find the trial court complied with the sentencing statutes in imposing sentence. The trial court weighed the purposes and principles of felony sentencing set forth at R.C. 2929.11 and considered the factors set forth at R.C. 2929.12, to best achieve the purposes and principles of sentencing. Jones challenges the trial court's findings required under R.C. 2929.11 and 2929.12 but identifies no failure of the trial court to address any of the statutory findings. Instead, Jones generally argues that any sentence is a deprivation of liberty, requiring plain error review. The law governing review of the trial court's findings under R.C. 2929.11 and 2929.12, however, is clear. *State v. Cathan*, 2022-Ohio-228, ¶ 2 (6th Dist.).

{¶ 21} We have consistently held that "R.C. 2953.08(G)(2) does not permit an 'appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.'" *State v. Bowles*, 2021-Ohio-4401, ¶ 7 (6th Dist.), citing *State v. Jones*, 2020-Ohio-6729, ¶ 42. Thus, consistent with our precedent, we find Jones's first assignment of error without merit. *See Cathan* at ¶ 2, citing *Bowles* at ¶ 8, citing *State v. Toles*, 2021-Ohio-3531, ¶ 1 ("challenges based on a trial court's consideration of R.C. 2929.11 and 2929.12, moreover, may be summarily denied.").

{¶ 22} In his second assignment of error, Jones challenges the imposition of consecutive sentences, again asserting plain error. We review the imposition of consecutive sentences under R.C. 2953.08(G)(2), with our review limited to whether the

7.

record fails to support the trial court's findings, clearly and convincingly, under R.C. 2929.14(C)(4).

{¶ 23} Jones correctly notes that a trial court must make certain findings under R.C. 2929.14(C)(4) before imposing consecutive sentences. Under R.C. 2929.14(C)(4), a court may impose consecutive sentences if it finds that "consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and additionally, the court finds that any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 24} While acknowledging the necessary findings, Jones does not argue that the trial court failed to make these findings, only that the trial court failed to "match the statute" in reciting the findings. For example, Jones argues the trial court did not specify it was protecting the public from "future crime," or that the trial court stated his offense

8.

"was harmful" and was "so great or unusual," rather than the statutory language, "the harm caused…was so great or unusual." Contrary to Jones's argument, there was no requirement for the trial court to "match the statute." [1]

{¶ 25} "While 'a word-for-word recitation of the language of the statute is not required,' a reviewing court must be able to discern that the trial court engaged in the correct analysis and the record must contain evidence to support the trial court's findings." *State v. Gilmer*, 2024-Ohio-1178, ¶ 93 (6th Dist.), quoting *State v. Bonnell*, 2014-Ohio-3177, ¶ 29. Jones challenges only the language used by the trial court in making its findings, and does not argue any failure by the trial court to consider each of the R.C. 2929.14(C) factors. Furthermore, the trial court's consideration of each necessary factor is apparent in the record.

{¶ 26} R.C. 2929.14(C)(4) required the trial court to make specific statutory findings. To merit reversal on appeal, as governed by R.C. 2953.08(G)(2), Jones must demonstrate that the trial court's findings are not clearly and convincingly supported by the record. *Gilmer* at ¶ 96-97; *see also State v. Gwynne*, 2023-Ohio-3851, ¶ 5. Upon careful review of the record, we find Jones failed to demonstrate a lack of clear and convincing support for the trial court's findings. Therefore, based on our review of the record, we find the second assignment of error not well-taken.

---

[1] Jones also references the recent Ohio Supreme Court decision in *State v. Gwynne*, 2023-Ohio-3851 (*Gwynne V*). Jones argues, however, that the decision in *Gwynne V* is limited to the facts of that case and is not applicable to his case. Without addressing the claimed limitations of *Gwynne V,* we agree the decision is not applicable in the present case, based on Jones's specific challenge to his consecutive sentence.

## V. Conclusion

**{¶ 27}** Having found substantial justice has been done, we affirm the judgments of the Wood County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Christine E, Mayle J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.