[Cite as *State v. Rowell*, 2025-Ohio-4577.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

   Appellee

v.

Caleb Rowell

   Appellant

Court of Appeals No. {87}WD-25-013

Trial Court No. 2023CR0089

**<u>DECISION AND JUDGMENT</u>**

Decided: September 30, 2025

* * * * *

Dan M. Weiss, Esq., attorney for appellant.

Paul F. Dobson, Esq., Wood County Prosecutor, and
David T. Harold, Esq., Assistant Prosecutor for appellee.

* * * * *

**ZMUDA, J.**

{¶ 1} We *sua sponte* place this matter on the accelerated calendar pursuant to App.R. 11.1(A), and this judgment entry is not an opinion of the court. See S.Ct.R.Rep.Op.3.1; App.R. 11.1(E); 6th Dist.Loc.App.R. 12. Having reviewed the record, we find appellant's single assignment of error not well-taken as a matter of law.

{¶ 2} On March 17, 2025, appellant Caleb Rowell was sentenced to a one-year prison term following his admitted violation of the terms of his previously-imposed community control sanction.  The trial court's judgment was memorialized on March 19, 2025.  Appellant timely appealed and asserts the following error for our review:

> The trial court failed to comply with the principles and purposes of R.C. 2929.11 and R.C. 2929.12 and appellant's sentence should be vacated.

He argues that the trial court erred by imposing a sentence that "did not advance the principles and purposes of R.C. 2929.11 and did not appropriately apply and weigh the seriousness and recidivism factors as outlined in R.C. 2929.12."

{¶ 3} For nearly five years, we have abided by the Ohio Supreme Court's holding in *State v. Jones,* 2020-Ohio-6729, that we are prohibited, as a matter of law, from reviewing whether a trial court erred in its consideration of the R.C. 2929.11 and R.C. 2929.12 when it imposed sentence.  *State v. Bowles,* 2021-Ohio-4401, ¶ 9 (6th Dist.), citing *State v. Toles,* 2021-Ohio-3531 (appeals based solely on a trial court's alleged error in considering R.C. 2929.11 and 2929.12 are "subject to summary resolution as a matter of law").  Appellant's assigned error falls squarely within this prohibition and, therefore, we find it not well-taken.  Pursuant to App.R. 12(B), we affirm the March 19, 2025 judgment of the Wood County Court of Common Pleas.

2.

**{¶ 4}** Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| Thomas J. Osowik, J. | [[Applied Signature]] |
| --- | --- |
| | JUDGE |
| Christine E. Mayle, J. | [[Applied Signature 2]] |
| | JUDGE |
| Gene A. Zmuda, J. | [[Applied Signature 3]] |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.