[Cite as *State v. Roman*, 2025-Ohio-5198.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                            Court of Appeals No.  WD-25-018

    Appellee                                        Trial Court No.  2024 CR 134

v.

Robert Roman                                      **DECISION AND JUDGMENT**

    Appellant                                       Decided: November 18, 2025

* * * * *

Paul Dobson, Wood County Prosecuting Attorney, and
David Harold, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} We sua sponte place this matter on the accelerated calendar pursuant to App.R. 11.1(A), and this judgment entry is not an opinion of the court. *See* S.Ct.R.Rep.Op.3.1; App.R. 11.1(E); 6th Dist.Loc.App.R. 12.  Having reviewed the record, we find appellant's single assignment of error not well-taken as a matter of law.

*Procedural History*

{¶ 2} On April 18, 2024, Robert Roman was indicted by the Wood County Grand Jury for a violation of R.C. 2929.13(A)(2) and 2923.13(B), Having Weapons Under Disability, which was a felony of the third degree based upon his previous convictions for felony offenses of violence.

{¶ 3} On August 1,2024, he pleaded guilty to that charge. Roman does not appeal anything involving his guilty plea.

{¶ 4} On April 8, 2025, he was sentenced to a prison term of 36 months, which was to be served consecutively with his prison terms arising from Lucas County. In that light, Roman also does not appeal the consecutive nature of his prison sentences.

*Assignment of Error:*

THE TRIAL COURT ERRED BY IMPOSING A MAXIMUM SENTENCE, AS THE RECORD DOES NOT SUPPORT THAT THE SENTENCE IS NECESSARY TO ACHIEVE THE PRINCIPLES AND PURPOSES OF FELONY SENTENCING AND IS THEREFORE CONTRARY TO LAW.

{¶ 5} In his single assignment of error, appellant argues that the imposition of a maximum sentence is contrary to law because the record does not support that it is the "minimum sanction" necessary to achieve the purposes of sentencing. He further argues that he expressed sincere remorse and took full responsibility for his actions. Roman claims that his efforts at rehabilitation were dismissed by the trial court and therefore, the court failed to conduct the balanced analysis required by R.C. 2929.11 and R.C. 2929.12.

{¶ 6} We have repeatedly held that as a result of the Ohio Supreme Court's holding in *State v. Jones*, 2020-Ohio-6729, that we are prohibited, as a matter of law, from reviewing whether a trial court erred in its consideration of R.C. 2929.11 and R.C. 2929.12 when it imposed sentence. *State v. Bowles*, 2021-Ohio-4401, ¶ 9 (6th Dist.), citing *State v. Toles*, 2021-Ohio-3531 (appeals based solely on a trial court's alleged error in considering R.C. 2929.11 and 2929.12 are "subject to summary resolution as a matter of law"). *See also State v. Rowell*, 2025-Ohio-4577, ¶ 3-4 (6th Dist.).

**{¶ 7}** Appellant's assigned error falls squarely within this prohibition and, therefore, we find it not well-taken. Pursuant to App.R. 12(B), we affirm the judgment of the Wood County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See also 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.
_____
JUDGE

Gene A. Zmuda, J.
_____
JUDGE

Charles E. Sulek, P.J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.