[Cite as *State v. Gaston*, 2026-Ohio-1590.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

        Appellee

v.

Lamar Gaston

        Appellant

Court of Appeals No. L-25-00220

Trial Court No. CR0202500596

**DECISION AND JUDGMENT**

Decided: May 1, 2026

* * * * *

Julia R. Bates, Prosecuting Attorney and
Randy L. Meyer, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant

* * * * *

**ZMUDA, J.**

{¶ 1} We *sua sponte* place this matter on the accelerated calendar pursuant to App.R. 11.1(A), and this judgment entry is not an opinion of the court. See S.Ct.R.Rep.Op.3.1; App.R. 11.1(E); 6th Dist.Loc.App.R. 12. Having reviewed the record, we find appellant's single assignment of error not well-taken as a matter of law.

{¶ 2} On September 3, 2025, appellant Lamar Gaston was sentenced to an aggregate 48-month prison term following his no contest plea on one count of robbery and one count of burglary, each a third-degree felony. The trial court's judgment was memorialized the following day. Appellant timely appealed and asserts the following error for our review:

> The trial court erred when it sentenced appellant, in violation of his due process rights under the fifth and fourteenth amendments to the U.S. Constitution and Section 16, Article I of the Ohio Constitution.

In his argument, appellant fails to identify any portion of the record related to his due process rights. Instead, he argues that the trial court erred in imposing a prison term and should have placed him on community control in light of his documented mental health issues.

{¶ 3} A trial court's determination as to whether to impose a prison term or order a defendant to serve a term of community control on a third-degree felony is governed by R.C. 2929.13(C). To reach that determination, the trial court is obligated to consider the purposes of felony sentencing described in R.C. 2929.11 and the seriousness and mitigation factors described in R.C. 2929.12. Since 2020, we have consistently found that we are prohibited, as a matter of law, from reviewing whether the trial court's consideration of R.C. 2929.11 and 2929.12 when determining the appropriate sentence was proper. *State v. Rowell,* 2025-Ohio-4577, ¶ 3 (6th Dist.), citing *State v. Jones,* 2020-Ohio-6729. Appellant's assigned error, despite its framing as a constitutional issue, falls within this prohibition and, therefore, we find it not well-taken. Pursuant to App.R.

2.

12(B), we affirm the September 4, 2025 judgment of the Lucas County Court of Common Pleas.

{¶ 4} Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See also 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, P.J.

_____
JUDGE

Christine E. Mayle, J.

_____
JUDGE

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.